UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BILLIE KEEN | ) | |
| *Individually and as personal representative of* | ) | |
| ESTATE OF LORI KATHLEEN KEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-1075-LJM-TAB |
| | ) | |
| NESTLE WATERS NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO SEAL**

**I.   Introduction**

Parties continue to mark documents as confidential and "Attorney's Eyes Only" during discovery that have no business bearing this designation, and then attempt to file them under seal, despite countless efforts by this Court and others, including the Seventh Circuit Court of Appeals, to end this misguided practice. *Hicklin Eng'g v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."); *see also In re Specht*, 622 F.3d 697, 700 (7th Cir. 2010) (denying motion to seal confidential language in certain documents on appeal, including an indemnity agreement); *United States v. Foster*, 564 F.3d 852, 855 (7th Cir. 2009) (addressing problems related to a motion to have documents filed under seal, and holding that an affidavit could not be maintained under seal simply because it might cause potential embarrassment and affect counsel's professional reputation by disclosing personal matters); *Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)

1

(denying a renewed, joint motion to place documents under seal, and stressing that parties must offer legal justification for placing documents under seal); *Meharg v. Astrazeneca Pharms.*, No.1:08-cv-184-DFH-TAB, 2009 WL 2960761, at *1 (S.D. Ind. Sept. 14, 2009) (noting the practice of many counsel to over designate discovery responses as confidential and stressing that all such designations must be made in good faith); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, No: 1:96-cv-1718-DFH-TAB, 2007 WL 141923, at *1 (S.D. Ind. Jan. 16, 2007) (noting defendants' motion to seal put the Court "in the all-too-familiar position of reviewing overbroad and unsupported requests to file documents under seal.").

Such are the circumstances in this case. The Plaintiff filed a motion to file certain documents under seal [Docket No. 57], relying solely on a passing reference to a previously approved protective order as some sort of safe harbor that automatically permits all documents marked confidential to be filed under seal. As in many cases before this one—though hopefully less so in the future—the Court rejects this latest attempt to file documents under seal that belong squarely in the public eye.

**II.     Discussion**

Plaintiff's motion to seal seeks to file six multi-page documents under seal. The first is Plaintiff's response in opposition to Defendant's motion to exclude the testimony of Plaintiff's expert, Barry Rope. [Docket No. 55.] Plaintiff's brief is chock full of information that has no business being sealed, and even includes Rope's curriculum vitae, which Plaintiff also seeks to have sealed. It would be surprising, indeed, if a purported expert witness's qualifications were confidential. Therefore, Plaintiff's motion is denied to the extent it seeks to file Docket No. 55 under seal.

2

Next, Plaintiff seeks to file under seal an excerpt from Rope's deposition. [Docket No. 56.] That excerpt contains such "highly confidential" information as the fact that Rope is a 1969 graduate of Michigan State University. While the parties may believe there is reason to protect Rope's identity as a Spartan, the Court does not share this view. In fact, the Court sees little else in Rope's deposition excerpts warranting keeping his opinions from the public. Accordingly, Plaintiff's motion is denied to the extent it seeks to file Docket No. 56 under seal.

The third document sought to be filed under seal is Rope's actual report. [Docket No. 56-1.] The report consists of two pages. The first page lists the documents and information Rope reviewed to reach his conclusions. Nothing confidential there. The second page contains Rope's opinion, including what Rope thinks Defendant could have done to avoid the underlying incident from happening. While Defendant may prefer that this opinion not see the light of day, the Court cannot discern a legitimate reason for sealing it. Defendant's concerns about publicly filing the report certainly do not justify sealing the report, regardless of how strongly Defendant might dispute its conclusions. Thus, Plaintiff's motion is denied to the extent it seeks to file Docket No. 56-1 under seal.

Next up is the deposition testimony of Jason T. Fuhst [Docket No. 56-2], in which Fuhst describes how he worked for Nestle Prepared Foods, then first joined Nestle Waters as a design manager, and worked his way up from there. The deposition excerpt contains objections and other fairly insignificant exchanges. However, the Court cannot say that these deposition excerpts are completely lacking in information that may warrant some protections. But it is not the Court's duty to read through each page and try to figure out what portions, if any, may legitimately be filed under seal. The motion to seal gives the Court no direction other than a

passing reference to the previously approved protective order, which order is likewise unhelpful in focusing on what parts of this record, if any, warrant sealing. [Docket No. 30.]

      The Court recognizes that it was the Defendant who marked the deposition excerpts (if not the entire deposition) as "Attorney's Eyes Only." So Plaintiff may have little motivation to flesh out its motion to seal with the grist needed to convince the Court to permit parts of Fuhst's deposition to be filed under seal. As a result, the Court gives any party (presumably the Defendant) 14 days to file a brief in further support of the motion to seal. This brief should not be filed under seal, and should contain as an exhibit a redacted version of Fuhst's deposition representing those limited portions of Fuhst's deposition that the party may in good faith argue should be filed under seal. The brief should explain why these portions warrant sealing, and supporting case law is always appreciated and helpful. Accordingly, Plaintiff's motion shall remain under advisement, pending any further briefing, to the extent it seeks to file Docket No. 56-2 under seal.

      Fifth, Plaintiff's motion seeks to file under seal certain "Standard Operating Procedures" of Defendant. [Docket No. 56-3.] These procedures are relatively brief, and relate to Defendant's stacking procedures, which go to the heart of this case. It is possible, though hardly obvious from the record, that these SOPs are kept from the general public, and that they contain confidential information about Defendant's internal procedures. But as this Court has previously held, a company's SOPs do not necessarily meet the standard required for sealing. *Meharg*, 2009 WL 2960761, at \*3 (citing *Arvco Container Corp. v. Weyerhaueser Co.*, No. 1:08-cv-548, 2009 WL 311125, at \*7 (W.D. Mich. Feb. 9, 2009)) ("The movant must make a particularized showing that the information sought is confidential and come forward with specific examples of

competitive harm."). Accordingly, Plaintiff's motion to seal Docket No. 56-3 shall remain under advisement to give any party 14 days to file a supplemental brief as noted above.

Finally, Plaintiff's motion seeks to file under seal certain excerpts from the deposition of Mark Motl. [Docket No. 56-4.] The excerpts do not strike the Court as containing anything particularly confidential. The excerpts reference Motl's work history with the Defendant, and also contain some general objections. The deposition does reference testimony about stacking palettes, but it is hardly proprietary. The following exchange is illustrative:

> Q: – do you know what a double-stacked palette is?
> A: I believe so.
> Q: Okay. What's that?
> A: It's where a – a palette is – has two palettes stacked on top of each other.

[Docket No. 56-4 at 28.]

The Court is confident that allowing this testimony to be publicly filed will not harm the Defendant or otherwise release long-held confidential trade secrets. The remaining deposition excerpts have roughly the same confidential nature, which is to say little if any. Accordingly, Plaintiff's motion is denied to the extent it seeks to file Docket No. 56-4 under seal.

### III. Conclusion

The Court remains ever hopeful that in this and future cases it will see fewer motions like this one, which seek to file under seal purportedly "confidential" documents that do not appear to be confidential at all. As noted above, it is possible that the motion does seek to protect a few nuggets of confidential information. But the broad-brush approach taken by this motion—and by the Defendant in marking the information confidential in the first instance—goes well beyond the limits of the governing case law, which by now should be well known to these lawyers and others who practice in the Southern District of Indiana. The Clerk is directed to unseal those

portions of the record noted above, and to keep the remaining portions under seal pending further order.

Dated: 12/28/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Carl W. Butler
FROST BROWN TODD LLC
cbutler@fbtlaw.com

John P. Daly Jr.
GOLITKO & DALY, P.C.
john@golitkodaly.com

Lynnette Gray
JOHNSON GRAY& MACABEE
vhunter@embarqmail.com

Kevin C. Schiferl
FROST BROWN TODD LLC
kschiferl@fbtlaw.com